United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10202
Conference Calendar

_____

ROBERT W. TOOMER,

Plaintiff-Appellant,

versus

CITY OF WEATHERFORD, TEXAS; PARKER COUNTY, TEXAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-30-A
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:*

    Robert W. Toomer appeals the district court's dismissal of

his 42 U.S.C. § 1983 complaint as frivolous for failing to state

a cognizable claim.  Toomer's complaint had accused various city

officials and city employees of:  (1) harassment, (2) unlawful

arrest and selective prosecution, (3) verbal and physical abuse,

(4) setting fire to his house, (5) stealing and defacing his

property, and (6) unlawfully detaining and deporting his ailing

wife.  In his appellate brief, Toomer does not address the

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's conclusion that he failed to state a cognizable claim.

Failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Because Toomer has failed to contest the district court's conclusion that he failed to state a cognizable claim, he has waived the only issue relevant to his appeal.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Toomer's appeal is without arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, the appeal is dismissed.  5TH CIR. R. 42.2. We caution Toomer that the filing of frivolous appeals and motions will invite the imposition of a sanction.

APPEAL DISMISSED; SANCTION WARNING ISSUED.